**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

DENNIS MAURER, an individual,

      Plaintiff,

      vs.

PALMER HOUSE RESTAURANT, INC., a
New Jersey Corporation,

      &

B-J STORES, INC., a Delaware Corporation,

      Defendants.

Case No. 1:22-cv-4753

**COMPLAINT**

### Introduction

Plaintiff, DENNIS MAURER, an individual, on his own behalf and on behalf of all other

mobility impaired individuals similarly situated hereby sues the Defendants, PALMER HOUSE

RESTAURANT, INC., a New Jersey Corporation, and B-J STORES, INC., a Delaware

Corporation ("Defendant" or "Defendants") for injunctive relief, damages, attorney's fees,

litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181

et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD").

### The Parties

1.      Plaintiff, DENNIS MAURER, is an individual over eighteen years of age and is otherwise

sui juris. He resides at 8 Prospect Avenue, Egg Harbor Township, New Jersey 08234, Atlantic

County.

2.      Defendant, PALMER HOUSE RESTAURANT, INC., a New Jersey Corporation, owns or operates a place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3.      Defendant, B-J STORES, INC., a Delaware Corporation, owns or operates a place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA.

**Jurisdiction and Venue**

4.      Defendant, PALMER HOUSE RESTAURANT, INC., owns a place of public accommodation; a shopping center/plaza located at 3333-3363 West Avenue, Ocean City, New Jersey 08226, Cape May County ("Subject Property").

5.       Defendant, B-J STORES, INC., operates a place of public accommodation within the Subject Property – a retail store known as Hoy's 5 & 10 - with an address of 3361 West Avenue, Ocean City, New Jersey 08226, Cape May County ("Hoy's").

6.      Venue is properly located in the District of New Jersey, Camden Vicinage because venue lies in the judicial district of the property situs.  The Subject Property is located in, and does business, within this judicial district.

7.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.[1]

8.      Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C § 1367.

9.      The Defendants either own, lease, lease to, or operate a place of public accommodation, upon the Subject Property, as defined by the ADA and the regulations implementing the ADA.

---

[1] See also 28 U.S.C. § 2201 and 28 U.S.C. § 2202

The Defendants are thus required to comply with the obligations of the ADA[2].

10.     Plaintiff, DENNIS MAURER, is an individual with disabilities - as defined by and pursuant to the ADA.   Mr. Maurer has multiple sclerosis and therefore has a physical impairment that substantially limits many of his major life activities[3] including, but not limited to, not being able to walk, stand, reach, or lift. Mr. Maurer, at all times, requires the use of a wheelchair to ambulate.

## Factual Context

11.     Mr. Maurer is a staunch advocate of the ADA. Since becoming disabled (and having to fully rely on the use of his wheelchair to ambulate) he has dedicated his life to the elimination of accessibility discrimination so that he, and others like him, may have full and equal enjoyment of all public accommodations without fear of discrimination and repeated exposure to architectural barriers.

12.     Mr. Maurer has been deeply affected by the architectural barriers which are still found at the vast majority of the public places that he visits. Seemingly trivial architectural features such as parking spaces, sidewalks, handrails and toilets are taken for granted by the non-disabled but, when improper, are cumbersome, arduous and even dangerous for him.

13.     The barriers to access that Mr. Maurer experiences at differing places of public accommodation are extremely similar in nature; he is often faced with inadequate access aisles, improper curb ramps, cracked asphalt, inaccessible dining tables, and non-compliant restrooms. Thus, the actions filed on his behalf are often very similar; listing similar ADA violations and seeking similar remediations.

---

[2] 28 CFR § 36.201(a) and 28 CFR § 36.104
[3] as defined by 28 CFR § 36.105(b)(1-2)

14.     Mr. Maurer has visited this shopping center/plaza, and the differing stores therein, on many occasions. These prior visits include, but are not limited to, his last two which occurred on or about May 27, 2022, and on or about July 1, 2022.

15.     Mr. Maurer has visited the Subject Property not only as a bone fide purchaser; availing himself of the goods and services offered to the public within, but also to investigate, as a tester, the status of the violations that he previously encountered.

16.     The public accommodations located at the Subject Property do not accept or require reservations, but Mr. Maurer fully intends to return to this location on his next trip to Ocean City, and/or one of his many instances of nearby travel. He intends to revisit the Subject Property as a bone fide purchaser and ADA tester, to monitor any progress made with to respect to compliance.

17.     Mr. Maurer has personally encountered repeated exposure to architectural barriers at the Subject Property and those harmful conditions have endangered his safety and caused him great distress.

18.     The ADA has been law for over thirty (30) years and the Subject Property remains non-compliant. Thus, the Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination by the Defendants at this place of public accommodation.

19.     Mr. Maurer has a realistic, credible, existing, and continuing threat of discrimination from the Defendants through their non-compliance with the ADA at the Subject Property as described but not necessarily limited to the barriers he has personally experienced which are listed in paragraph 24 of this complaint.

20.     Following any resolution of this matter Mr. Maurer will ensure that the Subject Property undertakes the remedial work that is required under the appropriate standard and is compliant with the ADA. This reinspection will occur as set forth in the parties' settlement agreement or as ordered

by this Court.

## COUNT I
### Violation of Title III of the
### Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

21.     Plaintiff realleges and incorporates, by reference, all of the allegations contained in all of

the preceding paragraphs.

22.     The Defendants have discriminated against the Plaintiff, and others similarly situated, by

denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges,

advantages and/or accommodations of the Subject Property, as prohibited by the ADA.

23.     A preliminary inspection, conducted by the Plaintiff's expert, of the Defendants' property

has shown that violations of the ADA exist.

24.     The following are architectural barriers and violations of the ADA that Mr. Maurer has

personally encountered during his visits to the Subject Property:

**Parking and Exterior Accessible Route**

   a.  The accessible parking spaces throughout the Subject Property are not maintained (they

       contain pitting, cracked asphalt, and faded paint), contain slopes beyond the allowable

       limits within the parking spaces, and lack the requisite access aisles; violations of ADAAG

       and Sections 402 and 502 of the 2010 ADA Standards.  Due to the foregoing Mr. Maurer

       could not safely unload from his van in the designated accessible parking area; instead he

       has been forced to park away from the building - in an open area - to ensure a safe accessible

       route and, without the benefit of an access aisle, runs the risk of becoming blocked out

       from his van by other vehicles which causes him a great deal of anxiety, panic, and distress.

   b.  The ramps and curb ramps provided at the Subject Property are not safe for use by Mr.

Maurer and violate several provisions of the ADA. The curb ramps, which are provided to access the tenant spaces, contain slopes beyond the allowable limits, abrupt changes of level, protrude in the access aisle, and lack the required level landings; violations of ADAAG and Sections 402 and 406 of the 2010 ADA Standards. The excessive sloping and lack of level maneuvering/turning radius has presented Mr. Maurer with unsafe conditions that could cause a tip and fall from his wheelchair.

c.   The exterior accessible route that leads from the accessible parking spaces to the facility fails to provide a safe accessible route; in violation of ADAAG and Section 402 of the 2010 ADA Standards.  Due to barriers to access, such as abrupt changes of level and sloping beyond allowable limits, Mr. Maurer is forced to travel through and obstacles and through the traffic area of the parking lot which presents him with the danger of encountering moving vehicles - these circumstances cause him anxiety and distress.

d.   The Subject Property fails to provide the requisite number of compliant accessible parking spaces and van accessible parking spaces, in violation of ADAAG and Section 502 of the 2010 ADA Standards. The lack of accessible parking has forced Mr. Maurer to park away from the building - in open areas - as detailed above. This situation has caused him frustration and distress.

e.   The Subject Property fails to provide a compliant route to the adjacent street/sidewalk, and/or public transportation route. Mr. Maurer is precluded from accessing the Subject Property from these areas due to the lack of an accessible route; a discriminatory omission which limits his options for transportation and a violation of ADAAG and Section 206.2.1 of the 2010 ADA Standards.

**Access to Goods and Services**

6

f.   When attempting to enter tenant spaces Mr. Maurer was impeded by abrupt changes of level at the base of the doors, a violation of ADAAG and Section 404 of the 2010 ADA Standards. Mr. Maurer could not enter the doors without assistance due to the abrupt change of level; this barrier could also cause damage to his wheelchair and cause a fall.

g.   Tenant space, Hoy's 5 & 10, fails to provide an adequate interior accessible route - in violation of ADAAG and Section 404 of the 2010 ADA Standards. Due to a failure in policy the interior route is impeded by goods and clutter; Mr. Maurer could not move freely about the store.

h.   Payment counters throughout the Subject Property, including those located within Hoy's 5 & 10, Johnny B Goode Ice Cream Parlor, and Elizabeth Eve Salon, are unusable by Mr. Maurer as they are mounted beyond his reach. The foregoing is a violation of ADAAG and Sections 308 and 904 of the 2010 ADA Standards - equal facilitation is not provided.

**Restrooms**

i.   The restrooms provided within tenant spaces Johnny B Goode Ice Cream Parlor and Elizabeth Eve Salon are not ADA compliant and are unsafe for use by Mr. Maurer.  The barriers to access personally experienced by Mr. Maurer within these restrooms include inaccessible water closets which lack proper controls, improper signage, and a lack of wheelchair maneuvering space; violations of ADAAG and Section 601 of the 2010 ADA Standards. Mr. Maurer could not access the restrooms.

j.    The aforementioned tenant restrooms provide toilet tissue, soap, and paper towel dispensers which are mounted improperly and are beyond Mr. Maurer's reach; in violation of ADAAG and Section 308 of the 2010 ADA Standards. Mr. Maurer could not make use of the dispensers due to their improper location - if forced to attempt to reach beyond his

capacity he could fall from his wheelchair.

k.  The lavatories located within the aforementioned tenant restrooms lack the requisite knee clearance and toe clearance; a violation of ADAAG and Section 606 of the 2010 ADA Standards. Mr. Maurer could not access the lavatory due to a lack of clearance and maneuvering space; he could neither approach nor reach the sinks.

l.  The aforementioned tenant restrooms contain improper centerlines for the water closets and flush controls which are mounted on the wall side; in violation of ADAAG and Section 604 of the 2010 ADA Standards.  The presence of improper centerlines on toilets affects the toilet's location relative to the grab bars and impedes maneuvering clearance; rending the toilet area unsafe and unusable for Mr. Maurer. He could not safely access the facilities.

m.  The use of doors at the aforementioned restrooms is limited by various architectural barriers such as improper doorknobs, improper signage, stored good which impede access, and a lack of wheelchair maneuvering clearance. Due to these barriers Mr. Maurer could not access the restrooms freely and safely.


25.   Each of the foregoing is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 CFR part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at 36 CFR § 1191, appendix B and D; and the 2010 Standards for Accessible Design ("2010 ADA

Standards"), as promulgated by the U.S. Department of Justice.[4]

26.     The discriminatory violations described in paragraph 23 may not be an exhaustive list of the ADA violations that exist at the Subject Property, but they are the result of a preliminary inspection conducted by the Plaintiff and include all those knowingly experienced by Mr. Maurer. Plaintiff requires thorough inspection of the Defendants' place of public accommodation to photograph and measure the architectural barriers that exist in violation of the ADA.

27.     Mr. Maurer, and all others similarly situated, will continue to suffer discrimination, injury and damage without the immediate relief provided by the ADA and requested herein.

28.     The Defendants have discriminated against Mr. Maurer, and all those similarly situated, by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of the ADA.

29.     The Defendants continue to discriminate against Mr. Maurer, and all those similarly situated, by failing to remove architectural barriers; and the communication barriers that are structural in nature.[5]

30.     The Defendants continue to discriminate against Mr. Maurer, and all those similarly situated, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.[6]

31.     The Defendants continue to discriminate against Mr. Maurer, and all those similarly

---

[4] 28 CFR § 36.104
[5] 42 U.S.C. § 12181(b)(2)(A)(iv)
[6] 42 U.S.C. § 12181(b)(2)(A)(ii)

situated, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[7]

32.      If the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993[8] then the Defendants' facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

33.      Pursuant to 28 CFR § 36.304(a)(1) "any alteration" made to the Subject Property after January 26, 1992, must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Subject Property area readily accessible to and usable by individuals with disabilities, including individuals, like Mr. Maurer, who use wheelchairs. An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[9]

34.      Pursuant to 28 CFR § 36.304(a) the Defendants shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

35.      28 CFR § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element at the Subject Property must comply with or be modified to meet. Those are defined as follows:

   a.  Elements that have not been altered since on or after March 15, 2012 must comply with the 1991 Standards.

---

[7] 42 U.S.C. § 12181(b)(2)(A)(iii)

[8] as defined by 28 CFR § 36.401(a)(2)

[9] 28 CFR § 36.402(a)(2)

b.  Elements that have existed prior to and have not been altered since on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with either the 1991 Standards or the 2010 Standards.

c.  Elements that have been altered on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with the 2010 Standards.

36.     Plaintiff is not required to notify Defendants of their violation of the ADA nor their ongoing discrimination prior to the filing of this action. To that end, Mr. Maurer has found that voicing his concerns to employees and management, making phone calls, and writing letters is futile. In his experience the only way to spur action and achieve the accessibility required under the law is to file matters, like this one, and pray for the relief contained herein.

37.     Mr. Maurer is without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation. Considering the balance of hardships between the Plaintiff and the Defendants, a remedy in equity is warranted.  The public interest would not be disserved by the issuance of a permanent injunction.

38.     Pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, Plaintiff is entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendants.

39.     Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Mr. Maurer injunctive relief, including an order to require the Defendants to alter the Subject Property and make the Subject Property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the

Defendants cure their violations of the ADA.[10]

**WHEREFORE,** Plaintiff respectfully demands:

a.  The Court issue a Declaratory Judgment determining that the Defendants are in violation of Title III of the ADA.

b.  An Order directing the Defendants to make the Subject Property fully compliant with the 2010 ADA Standards, or, in the alternative, injunctive relief against the Defendants including an order to make all readily achievable alterations to the Subject Property; or to make such readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
### Violation of New Jersey Law
### Against Discrimination, N.J.S.A. 10:5-1 et seq.

40.    Plaintiff realleges and incorporates, by reference, all of the allegations contained in all of

---

[10] 42 U.S.C. § 12188(b)(2)

the preceding paragraphs.

41.     The Subject Property is a place of public accommodation as defined by N.J.S.A 10:5-5, (LAD).

42.     New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.[11]

43.     As set forth above, the Defendants have violated the LAD by denying Mr. Maurer, and all other disabled individuals, the full and equal enjoyment of the goods, facilities, services, and accommodations available at the Subject Property.

44.     As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Mr. Maurer has sustained bodily injury in the form of emotional distress, mental anguish, suffering and humiliation, in violation of the LAD.

**WHEREFORE**, Plaintiff respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

                                        Respectfully submitted,

 Date: July 26, 2022                    */s/ Jon G. Shadinger Jr.*
                                        Jon G. Shadinger Jr., Esq.
                                        Shadinger Law, LLC
                                        NJ Attorney ID No. 036232017
                                        717 E. Elmer St., Suite 7
                                        Vineland, NJ 08360
                                        Tel (609) 319-5399
                                        Fax (314) 898-0458
                                        js@shadingerlaw.com
                                        *Attorney for Plaintiff*

---

[11] Pursuant to N.J.S.A 10:5-4